UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ALLEN MOGAVERO, DAWN
BOSSALLER, MARC COHEN,
JUSTIN METZ, ENRIQUE
RODRIGUEZ and BRENDA
VANCE, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.

CLIENT FIRST SETTLEMENT
FUNDING, LLC and BURT KRONER,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs ALLEN MOGAVERO, DAWN BOSSALLER, MARC COHEN, JUSTIN METZ, ENRIQUE RODRIGUEZ and BRENDA VANCE, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, hereby sue Defendants CLIENT FIRST SETTLEMENT FUNDING, LLC and BURT KRONER, and for their cause of action, declare and aver as follows:

    1.    Plaintiffs are current employees of Defendants, and bring this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"). Plaintiffs bring this action on behalf of themselves and all other current and former employees of Defendants similarly situated to them, on a collective basis.

    2.    Plaintiff ALLEN MOGAVERO is a citizen and resident of Palm Beach County,

Florida, and within the jurisdiction of this Court.

3. Plaintiff DAWN BOSSALLER is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court.

4. Plaintiff MARC COHEN is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

5. Plaintiff JUSTIN METZ is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

6. Plaintiff ENRIQUE RODRIGUEZ is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

7. Plaintiff BRENDA VANCE is a citizen and resident of Wake County, North Carolina, and within the jurisdiction of this Court.

8. Defendant CLIENT FIRST SETTLEMENT FUNDING, LLC ("Client First") is a Florida limited liability company with its principal address located in Palm Beach County, Florida. Client First is within the jurisdiction of this Court.

9. Upon information and belief, Defendant BURT KRONER ("Kroner") is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

10. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, under the provisions of the FLSA (specifically under 29 U.S.C. § 216(b)).

11. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The unlawful employment practices alleged herein occurred and/or were committed in the Southern

District of Florida.

13. At all times relevant hereto, (a) Plaintiffs and all current and former employees of Defendants similarly situated to Plaintiffs were Defendants' "employees"; and (b) Defendants were the "employers" of Plaintiffs and all current and former employees of Defendants similarly situated to Plaintiffs, as those terms as defined and construed under the FLSA.

14. There is enterprise and/or individual coverage under the FLSA.

15. Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times material hereto, Client First was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiffs and those current and former employees similarly situated to Plaintiffs were directly essential to the business performed by the Defendants.

18. Defendant Kroner has been and remains an owner, manager, operator and/or supervisor of Client First. He is publicly touted on Client First's website as the "Founder and CEO" of Client First. Moreover, he is the president of Client First Holdings, Inc., a Florida corporation which, according to the Florida Secretary of State, serves as the sole manager/member of Client First.

19. Kroner has been and remains intimately involved in the day-to-day operations of Client First and/or was directly responsible for the supervision of Plaintiffs. Among other things, Kroner was responsible for hiring Plaintiffs; for determining the compensation to be

paid to Plaintiffs; for determining Plaintiffs' schedule and working hours; and/or for determining Plaintiffs' job duties and responsibilities. Kroner was similarly responsible as it relates to all current and former employees of Defendants similarly situated to Plaintiffs.

20.  By virtue of the control and authority exercised by Kroner as described above, Kroner is an "employer" as that term is defined and interpreted under the FLSA, and Kroner is jointly and severally liable with Client First for the unpaid wages, liquidated damages, costs and attorney's fees to which Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs are entitled.

21.  Within the past three (3) years, each Plaintiff has been employed by Defendants as an "inside salesperson." Regardless of Defendants' classification of Plaintiffs' job position, pursuant to the FLSA the position held by Plaintiffs was and remains a position which is not exempt from the overtime provisions of the FLSA.

22.  The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendants similarly situated to Plaintiffs who are or were subject to the payroll practices and procedures described in the paragraphs below.

23.  At all times material hereto, Defendants failed and refused to properly pay Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs.

24.  In the course of their employment with Defendants, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, worked the number of hours required of them, many times in excess of forty (40), but were not properly paid overtime

wages.

25.     Plaintiffs and those current and former employees similarly situated to Plaintiffs routinely worked in excess of forty (40) hours during one or more workweeks, for which Defendants failed to properly pay overtime wages.  More specifically, Plaintiffs and those current and former employees similarly situated to Plaintiffs were not paid time-and-a-half for all hours worked in excess of forty (40) in a given workweek.

26.     Among other things, Defendants (a) instructed Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs to work "off the clock"; (b) failed and refused to pay Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs for all weekend hours worked; and (b) failed and refused to pay Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs for all compensable travel time.

27.     The pay practices of the Defendants as described herein violated the FLSA by failing to properly pay overtime wages to Plaintiffs and those current and former employees of Defendants similarly situated to Plaintiffs.  Such unlawful pay practices are continuing as of the filing of this action.

28.     During the three (3) years preceding the filing of this lawsuit, Defendants have (a) employed and continue to employ individuals similarly situated to Plaintiffs (inside salespersons); and (2) suffered or permitted to be suffered, with knowledge, hours of service by these employees, including in excess of forty (40), during one or more workweeks, for which Defendants failed to properly pay overtime wages.  Each improperly paid employee who performed and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification

of the pendency of this action and of his/her right to consent to becoming a party to this action.

29. Any and all conditions precedent to Plaintiffs bringing this action have occurred, have been waived and/or have been excused.

30. Plaintiffs have retained the undersigned counsel and are obligated to pay a reasonable fee for counsel's services.

31. Plaintiffs demand trial by jury.

32. Attached hereto as Composite Exhibit "A" are Plaintiffs' consents to become party plaintiffs.

## COUNT I - RECOVERY OF UNPAID OVERTIME

33. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34. By reason of Defendants' willful and unlawful acts, Plaintiffs and those current and former employees similarly situated to Plaintiffs have suffered damages plus incurred costs and reasonable attorney's fees.

35. Plaintiffs and those current and former employees similarly situated to Plaintiffs are entitled to be paid additional compensation for each hour worked for Defendants in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

36. Plaintiffs and those current and former employees similarly situated to Plaintiffs are entitled to liquidated damages in an amount equal to that which they are owed

in overtime wages.

37. Plaintiffs and those current and former employees similarly situated to Plaintiffs are entitled to an award of costs and reasonable attorney's fees.

WHEREFORE, Plaintiffs ALLEN MOGAVERO, DAWN BOSSALLER, MARC COHEN, JUSTIN METZ, ENRIQUE RODRIGUEZ and BRENDA VANCE, on behalf of themselves and all others similarly situated, who have joined or may join this action, demand judgment against Defendants CLIENT FIRST SETTLEMENT FUNDING, LLC and BURT KRONER for unpaid overtime wages, liquidated damages, costs and reasonable attorney's fees, and such other and further relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Dated:  August 1, 2016          Respectfully submitted,
        Boca Raton, FL

                                *s/ Robin I. Frank*
                                ADAM S. CHOTINER, ESQ.
                                Florida Bar No. 0146315
                                E-Mail: aschotiner@sbwlawfirm.com
                                ROBIN I. FRANK, ESQ.
                                Florida Bar No. 0649619
                                E-Mail: rifrank@sbwlawfirm.com
                                SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
                                7777 Glades Rd., Suite 400
                                Boca Raton, FL  33434
                                Telephone:   (561) 477-7800
                                Facsimile:   (561) 477-7722
                                Counsel for Plaintiffs